SWAN GUSTAF CARLSON v. JOHN F. SEGOG.[1]

April 22, 1895.

No. 9424.

**Jurisdiction of Municipal Court—Deceit.**

Held, the action is one to recover damages for false and fraudulent warranty, and the municipal court of Duluth has jurisdiction.

**Evidence to Sustain Findings.**

Held, there was sufficient evidence to sustain proper findings for plaintiff.

**Defective Findings.**

But held, the trial court did not find any facts from which the amount of plaintiff's damages appears, or any facts which would entitle him to recover anything more than nominal damages.

**Contract—Rescission.**

Rule applied that a contract cannot be rescinded unless the parties can be placed in statu quo.

[1] Reported in 62 N. W. 1132.

Appeal by defendant from an order of the municipal court of Duluth, Winje, Special Judge, denying a motion for a new trial. Reversed.

*Schmidt & Reynolds,* for appellant.

*Wm. R. Spencer,* for respondent.

CANTY, J.   This appears to be an action for damages for false and fraudulent warranty, and the municipal court had jurisdiction. The complaint alleges, in substance, that in June, 1889, the plaintiff and defendant entered into an agreement, whereby defendant agreed to furnish plaintiff the "minutes" of a tract of 160 acres of vacant government land, subject to entry under the pre-emption laws, locate plaintiff on said land, and point out the boundary lines and corners thereof to him, and whereby plaintiff agreed to pay defendant therefor the sum of $125; that in making said agreement said defendant represented to plaintiff and guarantied that said land contained 800,-000 feet of good merchantable pine timber, and that plaintiff believed said representations and relied thereon, and was induced thereby to make said agreement, and pay said $125, and on receiving said minutes from defendant to enter said land under the pre-emption laws of the United States before seeing the same, all of which he did; that said representations were false, which defendant then well knew, and were made with intent to deceive and defraud plaintiff; that after entering the same plaintiff resided upon and cultivated said land, and "proved up" and received a patent for the same; "that said premises entered and purchased by plaintiff were of no value whatever, and did not contain more than 200,000 feet of standing pine timber; that, had the same been as stated and represented by defendant, the same would have been worth and of the reasonable value of $1,600, and plaintiff was thereby damaged in the sum of $1,600"; and prayed judgment for the sum of $500.

On the trial before the court without a jury, the court made its findings, in which he, in substance, found all of the above facts except those included in the above quotation marks, and further found "that said land did not contain 800,000 feet of growing pine timber, nor more than 340,000 feet," and ordered judgment for plaintiff for the sum of $125 and interest.   From an order denying defendant's motion for a new trial he appeals.   The trial court did not find how

much less the land was worth as it in fact was than it would be worth if it had been as warranted, or any facts which show how much plaintiff has been damaged, or any facts which entitle plaintiff to recover anything more than nominal damages. This is not an action to recover back the consideration paid, on the ground that the contract is rescinded, as claimed by plaintiff. Plaintiff could not treat the contract as rescinded. He was not in a position to rescind, as the parties could not be placed in statu quo. There was sufficient evidence to support proper findings for plaintiff.

The order appealed from is reversed, and a new trial granted.